IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL BROWN,

    Plaintiff,

v.                                          CASE NO. 3:14-cv-517-RS-CJK

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

    Before me are the Defendant's Amended Motion to Strike Plaintiff's Expert Witnesses (Doc. 23) and Plaintiff's Response in Opposition (Doc. 27).

    Defendant State Farm Mutual Automobile Insurance Company moves to strike Plaintiff Paul Brown's expert disclosure reports on the grounds that they were untimely filed. The disclosure reports were due on January 21, 2015, pursuant to the December 8, 2014, Order (Doc. 13), which specifically extended Brown's deadline for filing expert reports. Brown did not file his reports until February 10, 2015.

    Fed. R. Civ. P. 37(c)(1) allows courts to exclude the testimony of witnesses that are not disclosed by the required deadline, as well as issue a variety of other

1

sanctions, unless the failure to disclose "was substantially justified or is harmless." The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *Okupaku v. Am. Airlines, Inc.*, No. 06-61392-CIV, 2007 WL 3511917, at *1 (S.D. Fla. Nov. 14, 2007), *citing Prieto v. Malgor,* 361 F.3d 1313, 1318 (11th Cir.2004).

There appears to be a dearth of binding authority clarifying what constitutes a substantially justified or harmless error. District courts have noted that substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, *Taylor v. Dean*, No. 5:05-CV-397-OC-10GRJ, 2007 WL 7622152, at *3 (M.D. Fla. Jan. 19, 2007) (citations and quotations omitted), and that failure to make the required expert witness disclosures is harmless when there is no prejudice to the party entitled to the disclosure, *Ellison v. Windt*, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001) (citations and quotations omitted). Other courts have noted that a party's misconduct is harmless when it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced. *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 369 (M.D. Ala. 2001); *See also Two Men & a Truck Int'l, Inc. v. Residential & Commercial*

*Transp. Co., LLC*, No. 4:08CV67-WS/WCS, 2008 WL 5235115, at *2 (N.D. Fla. Oct. 20, 2008).

Brown argues that his error was substantially justified and harmless. He relies on the multifactor analysis framework set forth by the Fourth Circuit in *Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003) and adopted by the court in *Two Men & a Truck*, 2008 WL 5235115, at *2. I choose not to adopt this framework and instead address substantial justification and harmlessness separately, according to the plain language of the rule and the interpretations by a majority of Eleventh Circuit district courts.

First, Brown appears to argue that the error was substantially justified because he had not yet seen the doctors for treatment by the deadline, and he filed the disclosures shortly after his treatment. However, Plaintiff had previously been recommended to the doctor (Doc. 27 at 8), so he had no excuse for not making a preliminary disclosure or requesting an extension of the deadline. No reasonable person could think that it was acceptable to simply ignore a deadline. That error is not substantially justified.

Next, Brown argues that the error was harmless and State Farm suffered no prejudice because he had previously disclosed the doctors' existence to State Farm,

and he made the disclosures in time for their expert to respond to his doctors, and that furthermore, the trial date is far enough out that all these errors can be corrected. State Farm, however, contends that it was prejudiced because it needed to hire a different, more specialized expert to respond to his new doctors, and they could not do so by their own disclosure deadline.

Given that Brown bears the burden to prove harmlessness, and he has not provided enough evidence to show that State Farm would not have hired additional experts but for their own disclosure deadline, I cannot say that State Farm suffered no prejudice and that his error was not harmless. Furthermore, for the reasons already described, Brown's error was not an "honest mistake."

Nonetheless, it would not be in the interest of justice to strike Brown's expert disclosures and prevent his witnesses from testifying at trial. Although the error was not substantially justified and not harmless, it appears *nearly* harmless, as the trial is not scheduled for another four months, and could be continued if necessary. There is still plenty of time to correct the expert disclosure deadlines without substantially prejudicing the parties or substantially delaying the trial, and these harms are overwhelmed by the potential prejudice that would result to Brown by excluding his treating physicians from testifying regarding his injuries.

The fault is still Brown's; he had no justification for ignoring the expert disclosure deadline entirely. It therefore seems that it may be appropriate for him (and his attorneys) alone to bear the costs of his error, including the costs associated with filing the instant motion and any subsequent motions regarding the scheduling of trial, as well any additional or duplicative costs incurred by State Farm as a result of the error.

Therefore, Defendant's Amended Motion to Strike Plaintiff's Expert Witnesses (Doc. 23) is **DENIED.** The parties have leave to move for an amended discovery schedule in order to rectify Plaintiff's missed deadline. Defendant has leave, at some point later in this litigation, to file a motion for reasonable expenses under Fed. R. Civ. P. 37(c)(1)(A) to recover the expenses associated with Plaintiff's error.

**ORDERED** on March 9, 2015.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**